## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

MCKESSON SPECIALTY CARE
DISTRIBUTION, LLC, a Delaware
limited liability company,

        Plaintiff,

vs.                                 CASE NO. _____

OPHARMA GROUP LLC a/k/a
ONCOLOGY PHARMACY GROUP,
CORP., a Florida limited liability company;
RAJESH A. PATEL, individually;
SUSAN SCHLEIFER, individually;
and EDELMIRA LARA, individually,

        Defendants.

_____/

## <u>COMPLAINT</u>

Plaintiff, McKesson Specialty Care Distribution, LLC, a Delaware limited liability company ("McKesson" or "Plaintiff"), by its undersigned attorneys, brings this complaint against Defendants, OPHARMA GROUP LLC a/k/a ONCOLOGY PHARMACY GROUP, CORP., a Florida limited liability company ("Opharma"); RAJESH A. PATEL, individually; SUSAN SCHLEIFER, individually; and EDELMIRA LARA, individually, and says:

125048295.1

## JURISDICTION AND VENUE

1.     This is an action in diversity for damages that exceed $75,000, exclusive of interests, costs and attorneys' fees and costs.

2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, as the amount in controversy exceeds the sum or value of $75,000, exclusive of interest, attorneys' fees and costs and the dispute is between citizens of different states.

3.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and (b)(3) in the U.S. District Court for the Middle District of Florida, Orlando Division, because 1) one or more defendants reside in the Middle District of Florida and all of the defendants are residents of the State of Florida and 2) there is no district in which an action may otherwise be brought against all defendants and at least one defendant is subject to personal jurisdiction before this Court.

## PARTIES

4.     McKesson Specialty Care Distribution, LLC is a Delaware limited liability company.  Its sole member, US Oncology, Inc., is a Delaware corporation with its principal place of business in the State of Texas.

5.     Defendant OPHARMA GROUP LLC a/k/a ONCOLOGY PHARMACY GROUP, CORP. is a Florida limited liability company.  On information and belief, its members are a combination of the following individuals:

2

125048295.1

i) Susan Schleifer; ii) Frederick Smith; iii) Edelmira Lara;  or iv) Rajesh A. Patel, and each of the foregoing individual members are citizens of the State of Florida for diversity purposes.

6.      Defendant RAJESH A. PATEL is a natural person domiciled in Orlando, Florida and is, and was at all times material hereto, *sui juris*.

7.      Defendant SUSAN SCHLEIFER is a natural person domiciled in Boca Raton, Florida and is, and was at all times material hereto, *sui juris*.

8.      Defendant EDELMIRA LARA is a natural person domiciled in Boynton Beach, Florida and is, and was at all times material hereto, *sui juris*.

## BACKGROUND FACTS

9.      Opharma is located in Delray Beach, Florida, and operates its business there.

10.     On or about February 14, 2014, Opharma executed and delivered a Customer Application to McKesson whereby Opharma requested that McKesson establish accounts for Opharma and whereby Opharma agreed to pay for all purchases on account plus past due charges, all other charges and attorneys' fees and costs associated with the collection of any amounts owed by Opharma to McKesson (the "February 14, 2014 Customer Application").  A copy of the February 14, 2014 Customer Application is annexed hereto as **Exhibit A**.

3

11.     On or about October 20, 2014, Opharma executed and delivered a Customer Application to McKesson whereby Opharma requested that McKesson establish accounts for Opharma and whereby Opharma agreed to pay for all purchases on account plus past due charges, all other charges and attorneys' fees and costs associated with the collection of any amounts owed by Opharma to McKesson (the "October 20, 2014 Customer Application").  A copy of the October 20, 2014 Customer Application is annexed hereto as **Exhibit B**.

12.     On or about February 22, 2017, Opharma executed and delivered a Customer Application to McKesson whereby Opharma requested that McKesson establish accounts for Opharma and whereby Opharma agreed to pay for all purchases on account plus past due charges, all other charges and attorneys' fees and costs associated with the collection of any amounts owed by Opharma to McKesson (the "February 22, 2017 Customer Application").  A copy of the February 22, 2017 Customer Application is annexed hereto as **Exhibit C**.

13.     Collectively the February 14, 2014 Customer Application, the October 20, 2014 and February 22, 2017 Customer Application shall be collectively referenced as the "Opharma Customer Applications".

14.     Pursuant to the Opharma Customer Applications, Opharma established an account with McKesson to purchase products from McKesson on account.

15.     In conjunction with the establishment of the business arrangement between Opharma and McKesson, on or about November 20, 2014, Rajesh A. Patel executed and delivered to McKesson a Guaranty through which Rajesh A. Patel guaranteed the unconditional repayment of the obligations to McKesson and its affiliated entities (the "Rajesh A. Patel Guaranty").  A true and correct copy of the Rajesh A. Patel Guaranty is attached hereto as **Exhibit D.**

16.     From the opening of Opharma's accounts with McKesson until approximately October 1, 2020, Opharma purchased certain goods from McKesson on its account.

17.     Upon the shipment of goods purchased by Opharma, McKesson rendered to Opharma invoices setting forth the details of the purchase together with the total sum owed to McKesson for the purchase, which amounts continue to accrue charges by virtue of their past due status.  The invoices are voluminous and contain confidential information.  McKesson believes the invoices and other evidence of the purchase of products by Opharma are either in the possession of all parties to this lawsuit or available to those parties.  If required to be filed in this action, McKesson will seek to file the invoices in its possession under seal.

18.     McKesson further rendered to Opharma an account statement totaling the sum of $314,085.15 plus interest and charges that continue to accrue.  A copy of the February 1, 2021 account statement is annexed hereto as **Exhibit E**.

125048295.1

19.     Opharma defaulted under the terms of the Opharma Customer Applications by failing to pay for the goods purchased when payments were due, which default constitutes a breach of Opharma's contractual obligation to McKesson.

20.     On or about February 1, 2021, McKesson made demand upon Opharma for payment of the amounts due from Opharma to McKesson arising from its account.  A copy of the demand letter is annexed hereto as **Exhibit F**.

21.     Although demand has been made upon Opharma for payment of amounts due to McKesson, Opharma has failed and refused to pay the same.

22.     As a result of Opharma's default upon the terms of its account agreement with McKesson, Opharma owes McKesson $314,085.15, together with interest, attorneys' fees and other costs and expenses incurred in this action.

## Count I
### (Breach of Agreement-Opharma Customer Applications)

23.     This is an action for damages in excess of $75,000.00, not including interest and attorneys' fees and costs.

24.     The allegations set forth in paragraphs 1 through 22 are realleged as if fully set forth in this Count.

25.     Because of Opharma's default on its obligations arising from the Opharma Customer Applications, it has become necessary for McKesson to collect

125048295.1

the balance due arising from the Opharma Customer Applications through its undersigned attorneys.

26.     McKesson has retained the services of attorneys, and is obligated to pay its attorneys a reasonable fee for their services rendered in connection with this action plus all costs incurred in this action.

27.     Pursuant to the terms of the Opharma Customer Applications, McKesson is entitled to be reimbursed by Opharma for such attorneys' fees for their services plus all costs incurred in this action.

28.     All conditions precedent to relief demanded herein have been performed, waived or have occurred.

WHEREFORE, McKesson Specialty Care Distribution, LLC demands judgment against OPHARMA GROUP LLC a/k/a ONCOLOGY PHARMACY GROUP, CORP. in the sum of $314,085.15 plus interest, late charges, and the costs of collection, including court fees, service of process fees and reasonable attorneys' fees and costs.

## Count II
**(Open Account-Opharma)**

29.     This is an action for damages in excess of $75,000.00, not including interest and attorneys' fees and costs.

30.     The allegations set forth in paragraphs 1 through 22 are realleged as if fully set forth in this Count.

125048295.1

31.    Before the institution of this action, McKesson and Opharma had business transactions between them through approximately October 1, 2020.

32.    Opharma owes McKesson the sum of $314,085.15 for goods sold and delivered by McKesson to Opharma pursuant to the invoices, which total sum remains unpaid, plus interest that continues to accrue. The invoices are voluminous and contain confidential information.  McKesson believes the invoices and other evidence of the purchase of products by Opharma are either in the possession of all parties to this lawsuit or available to those parties.  If required to be filed in this action, McKesson will seek to file the invoices in its possession under seal.

33.    All conditions precedent to the relief demanded herein have been performed, waived or have occurred.

WHEREFORE, McKesson Specialty Care Distribution, LLC demands judgment against OPHARMA GROUP LLC a/k/a ONCOLOGY PHARMACY GROUP, CORP.in the sum of $314,085.15, plus interest and costs.

## Count III
### (Account Stated – Opharma)

34.    This is an action for damages in excess of $75,000.00, not including interest and attorneys' fees and costs.

35.    The allegations set forth in paragraphs 1 through 22 are realleged as if fully set forth in this Count.

125048295.1

36.     Before the institution of this action, McKesson and Opharma had business transactions between them through approximately October 1, 2020.

37.     McKesson rendered account statements to Opharma and Opharma did not object to the account statements.  Opharma did thereupon acquiesce in and agree thereto as an account stated.

38.     Opharma owes McKesson $314,085.15 upon its account, together with interest and other costs and expenses incurred in this action.

39.     All conditions precedent to the relief demanded herein have been performed, waived or have occurred.

WHEREFORE, McKesson Specialty Care Distribution, LLC demands judgment against OPHARMA GROUP LLC a/k/a ONCOLOGY PHARMACY GROUP, CORP. in the sum of $314,085.15, plus interest and costs.

### Count IV
### (Goods Sold-Opharma)

40.     This is an action for damages in excess of $75,000.00, not including interest and attorneys' fees and costs.

41.     The allegations set forth in paragraphs 1 through 22 are realleged as if fully set forth in this Count.

42.     Before the institution of this action, McKesson and Opharma had business transactions between them arising through approximately October 1, 2020.

125048295.1

43.    Opharma owes McKesson the sum of $314,085.15, plus interest that continues to accrue on its various purchases of goods from McKesson, which McKesson sold and delivered to Opharma in accordance with the invoices and account statements.

44.    All conditions precedent to the relief demanded herein have been performed, waived or have occurred.

WHEREFORE, McKesson Specialty Care Distribution, LLC demands judgment against OPHARMA GROUP LLC a/k/a ONCOLOGY PHARMACY GROUP, CORP. in the sum of $314,085.15, plus interest and costs.

## Count V
### (Foreclosure of Security Interest)

45.    This is an action to foreclose a security interest in personal property, located in Florida.

46.    The allegations set forth in paragraphs 1 through 22 are realleged as if fully set forth in this Count.

47.    The Opharma Customer Applications granted McKesson a security interest in all personal property of Opharma then owned or thereafter acquired by Opharma, to secure payment of the indebtedness due to McKesson.

48.    To further secure the payment to McKesson and to perfect its security interests in personal property and intangible property of the Practice, McKesson filed a Uniform Commercial Code Financing Statement (the "UCC-1"). The UCC-1 was

125048295.1

filed on October 14, 2014, in the Florida Secured Transaction Registry in Tallahassee, Florida, as File No. 201401364304 and was ultimately renewed, extending the lien through October 14, 2024.  A copy of the UCC-1 is annexed as **Exhibit G**.

49.    All conditions precedent to the relief demanded herein have been performed or have occurred.

WHEREFORE, Plaintiff demands that:

i.    the Court order an accounting of all sums due pursuant to the Opharma Customer Applications, for purchases, interest, costs and expenses incurred or advanced by McKesson before or during the pendency of this action, along with reasonable attorneys' fees, and if the sum is not paid within the time set by this Court, that the personal property encumbered by McKesson's financing statement and security interest be sold to satisfy such claim;

ii.    the Court order that the right, title, interest and estate of Opharma in and to the personal property encumbered by the McKesson's security interest, and all persons claiming by, through or under them, or since the filing of this action herein be foreclosed;

iii.    if the proceeds from the sale of the personal property encumbered by the security interest are insufficient to pay McKesson's claim, that the Court enter a judgment against the Opharma and Opharma's guarators for any deficiency; and

11

iv.      the Court award McKesson such other or further relief as is just, equitable or proper.

## Count VI
### (Breach of Susan Schleifer Guaranty –Susan Schleifer)

50.      This is an action for breach of a guaranty, the damages for which exceed $75,000.00, exclusive of interest, costs and attorneys' fees.

51.      The allegations set forth in paragraphs 1 through 22 are realleged as if fully set forth in this Count.

52.      In conjunction with the execution of the February 22, 2017 Customer Application, Susan Schleifer executed that portion of the February 22, 2017 Customer Application that constituted an unconditional, continuing guaranty of Opharma's obligation to McKesson (the "Susan Schleifer Guaranty").  A copy of the Susan Schleifer Guaranty is incorporated in the February 22, 2017 Customer Application that is annexed hereto as **Exhibit C.**

53.      Pursuant to the terms of the Susan Schleifer Guaranty, Susan Schleifer unconditionally guaranteed timely payment and performance of Opharma's obligations to McKesson.

54.      Susan Schleifer has not revoked the Susan Schleifer Guaranty.

55.      By virtue of her execution of the Susan Schleifer Guaranty, Susan Schleifer became liable for the obligations of Opharma to McKesson.

12

56.     Opharma defaulted under the terms of the Opharma Customer Applications by failing to pay for the goods purchased when payments were due, which default constitutes a breach of Opharma's contractual obligation to McKesson.

57.     Because of the default of Opharma, on February 2, 2021, McKesson demanded payment from Susan Schleifer of such amounts arising from her guaranty of the obligation of Opharma.   A true and correct copy of the demand letter is annexed hereto as **Exhibit F.**

58.     Although demand has been made, Susan Schleifer has failed and refused to pay the amounts due to McKesson pursuant to the Opharma Customer Applications, as a guarantor of Opharma's obligation.

59.     Because of Opharma's and Susan Schleifer's default on their obligations arising from the Opharma Customer Applications and Susan Schleifer Guaranty, it has become necessary for McKesson to collect the balance due arising from the Opharma Customer Applications and Susan Schleifer Guaranty through its undersigned attorneys.

60.     McKesson has retained the services of attorneys, and is obligated to pay its attorneys a reasonable fee for their services rendered in connection with this action plus all costs incurred in this action.

125048295.1

61.     Pursuant to the terms of the Opharma Customer Applications and incorporated Susan Schleifer Guaranty, McKesson is entitled to be reimbursed by Susan Schleifer for such attorneys' fees for their services plus all costs incurred in this action.

62.     All conditions precedent to relief demanded herein have been performed, waived or have occurred.

WHEREFORE, McKesson Specialty Care Distribution, LLC demands judgment against Susan Schleifer in the sum of $314,085.15 in principal, plus interest, late charges and the costs of collection, including court fees, service of process fees and reasonable attorneys' fees and costs.

<u>**Count VII**</u>
**(Breach of Edelmira Lara Guaranty – Edelmira Lara)**

63.     This is an action for breach of a guaranty, the damages for which exceed $75,000.00, exclusive of interest, costs and attorneys' fees.

64.     The allegations set forth in paragraphs 1 through 22 are realleged as if fully set forth in this Count.

65.     In conjunction with the execution of the February 22, 2017 Customer Application, Edelmira Lara executed that portion of the February 22, 2017 Customer Application that constituted an unconditional, continuing guaranty of Opharma's obligation to McKesson (the "Edelmira Lara Guaranty"). A copy of the Edelmira

Lara Guaranty is incorporated in the February 22, 2017 Customer Application that is annexed hereto as **Exhibit C.**

66.     Pursuant to the terms of the Edelmira Lara Guaranty, Edelmira Lara unconditionally guaranteed timely payment and performance of Opharma's obligations to McKesson.

67.     Edelmira Lara has not revoked the Edelmira Lara Guaranty.

68.     By virtue of her execution of the Edelmira Lara Guaranty, Edelmira Lara became liable for the obligations of Opharma to McKesson.

69.     Opharma defaulted under the terms of the Opharma Customer Applications by failing to pay for the goods purchased when payments were due, which default constitutes a breach of Opharma's contractual obligation to McKesson.

70.     Because of the default of Opharma, on February 2, 2021, McKesson demanded payment from Edelmira Lara of such amounts arising from her guaranty of the obligation of Opharma.  A true and correct copy of the demand letter is annexed hereto as **Exhibit F.**

71.     Although demand has been made, Edelmira Lara has failed and refused to pay the amounts due to McKesson pursuant to the Opharma Customer Applications, as a guarantor of Opharma's obligation.

125048295.1

72.     Because of Opharma's and Edelmira Lara's default on their obligations arising from the Opharma Customer Applications and Edelmira Lara Guaranty, it has become necessary for McKesson to collect the balance due arising from the Opharma Customer Applications and Edelmira Lara Guaranty through its undersigned attorneys.

73.     McKesson has retained the services of attorneys, and is obligated to pay its attorneys a reasonable fee for their services rendered in connection with this action plus all costs incurred in this action.

74.     Pursuant to the terms of the Opharma Customer Applications and incorporated Edelmira Lara Guaranty, McKesson is entitled to be reimbursed by Edelmira Lara for such attorneys' fees for their services plus all costs incurred in this action.

75.     All conditions precedent to relief demanded herein have been performed, waived or have occurred.

WHEREFORE, McKesson Specialty Care Distribution, LLC demands judgment against Edelmira Lara in the sum of $314,085.15 in principal, plus interest, late charges and the costs of collection, including court fees, service of process fees and reasonable attorneys' fees and costs.

## Count VIII
### (Breach of Guaranty – Rajesh A. Patel)

76.     This is an action for damages in excess of $75,000.00, not including interest and attorneys' fees and costs.

77.     The allegations set forth in paragraphs 1 through 22 are realleged as if fully set forth in this Count.

78.     Pursuant to the terms of the Rajesh A. Patel Guaranty, Rajesh A. Patel unconditionally guaranteed timely payment and performance of Opharma's obligations to McKesson.

79.     Rajesh A. Patel has not revoked the Rajesh A. Patel Guaranty.

80.     By virtue of his execution of the Rajesh A. Patel Guaranty, Rajesh A. Patel became liable for the obligations of Opharma to McKesson.

81.     Opharma defaulted under the terms of the Opharma Customer Applications by failing to pay for the goods purchased when payments were due, which default constitutes a breach of Opharma's contractual obligation to McKesson.

82.     Because of the default of Opharma on February 2, 2021, McKesson demanded payment from Rajesh A. Patel of such amounts arising from his guaranty of the obligation of Opharma.   A true and correct copy of the demand letter is annexed hereto as **Exhibit F**.

125048295.1

83.     Although demand has been made, Rajesh A. Patel has failed and refused to pay the amounts due to McKesson pursuant to the Opharma Customer Applications, as a guarantor of Opharma's obligation.

84.     Because of Opharma's and Rajesh A. Patel's default on their obligations arising from the Opharma Customer Applications and Rajesh A. Patel Guaranty, it has become necessary for McKesson to collect the balance due arising from the Opharma Customer Applications and Rajesh A. Patel Guaranty through its undersigned attorneys.

85.     McKesson has retained the services of attorneys, and is obligated to pay its attorneys a reasonable fee for their services rendered in connection with this action plus all costs incurred in this action.

86.     Pursuant to the terms of the Opharma Customer Applications and Rajesh A. Patel Guaranty, McKesson is entitled to be reimbursed by Rajesh A. Patel for such fees for their services plus all costs incurred in this action.

87.     All conditions precedent to relief demanded herein have been performed, waived or have occurred.

WHEREFORE, McKesson Specialty Care Distribution, LLC demands judgment against Rajesh A. Patel in the sum of $314,085.15 in principal, plus interest, late charges and the costs of collection, including court fees, service of process fees and reasonable attorneys' fees and costs.

125048295.1

Dated February 23, 2021.

Respectfully submitted,

*/s/ Kathleen S. McLeroy*

Kathleen S. McLeroy
Florida Bar No. 856819
kmcleroy@carltonfields.com
CARLTON FIELDS, P.A.
Post Office Box 3239
Tampa, Florida 33601-3239
Telephone:   813.223.7000
Facsimile:    813.229.4133
*Attorneys for Plaintiff*

125048295.1